NOT DESIGNATED FOR PUBLICATION

No. 113,599

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN D. WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed June 17, 2016. Affirmed.

*Christina Kerls*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*:  Christian D. Williams appeals his convictions of one count of possession of marijuana with the intent to distribute, one count of possession of paraphernalia with the intent to distribute, and one count of possession of proceeds derived from violations of drug laws. Williams argues that the district court erred when it denied his pretrial motion in limine and that there was insufficient evidence at trial to support his conviction of possession of proceeds derived from violations of drug laws. For the reasons stated herein, we affirm the district court's judgment.

1

On June 14, 2012, Wichita police officers executed a no-knock search warrant at a residence on North Oliver Street in Wichita, Kansas. The residence was occupied by Williams and his wife, and they were the only individuals in the home when the warrant was executed. The search warrant was executed by a team of officers, including Officer Travis Stipp, Officer Jared Henry, and Detective Ryan Schomaker.

Upon entering the residence, officers located a metal marijuana grinder on the mantle of the fireplace in the living room. There was also a second metal grinder, a marijuana bong, a book about marijuana, a gun holster, and a $CO_2$ cartridge inside a coffee table in the living room. In the master bedroom, the officers found a pump-style shotgun with pistol grips laying on top of a dresser. The shotgun was loaded with six slugs. The officers also discovered a safe in the bedroom which contained a Glock handgun case and some ammunition. There was also mail addressed to Williams and his wife. In the dining room, the officers found an ironing board with a green bag on top of it. Inside the bag, the officers found a container holding a baggie of a green botanical substance that appeared to be marijuana. The bag also contained two other containers holding 31.6 grams and 15 grams of ground marijuana respectively. The ground marijuana had a value of almost $1,000. The bag also contained a wallet with $469.

On the dining room table, the officers located another green bag that contained 2 1/2 grams of marijuana worth approximately $50. The bag also contained a glass pipe commonly used to smoke marijuana; a black cell phone; a box of sandwich bags, which are commonly used to package marijuana; a digital scale; and a $CO_2$ powered pellet gun. The officers located two other cell phones in the dining room. Three security cameras were attached to the outside of the residence and were wired to display on the television in the living room. As Williams was being escorted from the residence, he admitted to the officers without being questioned that the marijuana and other evidence found in the home belonged to him and not his wife.

Schomaker provided Williams with his *Miranda* rights and interviewed him. Williams said he was unemployed and smoked eight marijuana blunts per day, but he did not appear to be under the influence. Williams said he used an ounce of marijuana every 4 or 5 days and purchased 2 or 3 ounces at a time. He said he smoked hydroponic-grown marijuana, which is a higher quality marijuana and paid $50-$75 per ounce. Schomaker did not believe this was an accurate value of hydroponic marijuana because an ounce of regular marijuana costs $75. Williams maintained that the drugs and other items in the residence were only for personal use and denied that he was distributing marijuana.

The State charged Williams with one count of possession of marijuana with the intent to distribute, one count of possession of paraphernalia with the intent to distribute, and one count of possession of proceeds derived from violations of drug laws. Williams subsequently filed a motion in limine requesting that evidence of guns and ammunition found in his home be excluded at trial. At a hearing on the motion, Williams argued that such evidence would be prejudicial to him and should be excluded because he was not charged with a weapons violation. The district court denied the motion and ruled the evidence of firearms and ammunition was relevant to the issue of Williams' intent.

The district court held a 3-day jury trial beginning October 15, 2014. The State presented the testimony of numerous law enforcement officers, including Stipp, Henry, and Schomaker. Henry testified that the amount of marijuana found on the dining room table was consistent with personal use, however, the amount of marijuana found in the bag on the ironing board was greater than for personal use. Henry also testified that the presence of weapons in the residence is more common when narcotics are being sold out of the house rather than being consumed. He testified that the presence of multiple cell phones and surveillance equipment is indicative of narcotics sales. Finally, Henry testified that the presence of digital scales are also significant to a distribution scheme.

3

Williams did not testify or present any evidence. In closing argument, Williams' counsel maintained that the evidence showed that Williams possessed the marijuana and other items for personal use, not distribution. The jury found Williams guilty of all three counts as charged. At the sentencing hearing on January 22, 2015, the district court imposed a controlling sentence of 30 months' imprisonment but granted probation with community corrections for 18 months. Williams timely appealed his convictions.

On appeal, Williams first argues that the district court erred when it denied his motion in limine to exclude the evidence of firearms and ammunition the police found in his home. Williams argues that the motion in limine should have been granted because the presence of guns and ammunition at his house was not relevant to any fact at issue and caused a risk of unfair prejudice by the jury. The State argues that Williams failed to preserve the issue for appeal because he failed to lodge a contemporaneous objection to the evidence at trial. On the merits, the State argues that the evidence was relevant to establish whether Williams had the intent to distribute marijuana.

Williams admits that he did not lodge a contemporaneous objection at trial to testimony or evidence regarding the firearms and ammunition found in his home. K.S.A. 60-404 provides:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record *objection to the evidence timely interposed* and so stated as to make clear the specific ground of objection." (Emphasis added).

Our Supreme Court has held that K.S.A. 60-404 requires that when a motion in limine to exclude evidence has been denied, the defendant must object to the evidence that was the subject of the motion when it is offered at trial in order to preserve the issue for appeal. *State v. Houston*, 289 Kan. 252, 271, 213 P.3d 728 (2009); see also *State v.*

4

*King*, 288 Kan. 333, 348-49, 204 P.3d 585 (2009). In *King*, our Supreme Court stressed the importance of the legislative mandate as follows:

> "K.S.A. 60-404 dictates that evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error at trial. Although our past decisions may have relaxed the objection requirement in the evidentiary context, this practice not only has led to confusion as to the standards that should be applied on appeal, but also has de-emphasized the role of counsel at trial and has impaired the gate-keeping function of district courts in this state. . . . From today forward, in accordance with the plain language of K.S.A. 60-404, evidentiary claims . . . must be preserved by way of a contemporaneous objection for those claims to be reviewed on appeal. 288 Kan. at 349.

Despite our Supreme Court's ruling in *Houston*, Williams argues that the plain language of K.S.A. 60-404 does not require a contemporaneous objection at trial to preserve for appeal the denial of a motion in limine. Williams points out that the statute does not define the term "timely" as being contemporaneous with the introduction of the evidence at trial. Williams argues that the purpose of K.S.A. 60-404, to avoid the use of tainted evidence and to allow the district court to fully consider whether the evidence should be admitted, is satisfied through a pretrial motion that specifically states the grounds to exclude the evidence.

Williams' argument as to how K.S.A. 60-404 should be interpreted runs counter to how our Supreme Court has construed the statute in *Houston* and subsequent cases. This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). Our Supreme Court recently reaffirmed *Houston*'s contemporaneous objection rule in *State v. Richard*, 300 Kan. 715, 725-26, 333 P.3d 179 (2014).

Williams also points out that in *State v. Bogguess*, 293 Kan. 743, Syl. ¶ 1, 268 P.3d 481 (2012), our Supreme Court ruled that a contemporaneous objection is not required at a bench trial on stipulated facts in order to preserve a suppression issue when the same judge presides over the bench trial and the suppression hearing. But as Williams acknowledges, the exception to the contemporaneous objection rule in *Bogguess* is explicitly limited to a bench trial on stipulated facts. 293 Kan. at 745-47. This exception does not help Williams because his case was tried before a jury.

Williams also attempts to frame the evidentiary issue as a constitutional claim that the district court's denial of the motion in limine violated his Second Amendment right to keep and bear arms in his residence. Williams acknowledges that he did not raise the constitutional claim in district court, but he argues that we should consider the issue for the first time on appeal to serve the ends of justice or to prevent the denial of fundamental rights. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

However, Williams cannot circumvent the contemporaneous objection rule by attempting to frame the evidentiary issue as a constitutional claim. Our Supreme Court has applied the contemporaneous objection requirement even in cases where an evidentiary issue implicated the defendant's constitutional rights. See *State v. Moore*, 302 Kan. 685, 698, 357 P.3d 275 (2015); *State v. Shadden*, 290 Kan. 803, 840-41, 235 P.3d 436 (2010). Our Supreme Court has stated that if appellate courts were to overlook the lack of a contemporaneous objection to the admission of evidence when a constitutional claim is involved, "these and other case law exceptions would soon swallow the general statutory rule." *State v. Richmond*, 289 Kan. 419, 429-30, 212 P.3d 165 (2009).

Finally, Williams attempts to distinguish *Moore* by pointing out the defendant in that case was sentenced to life imprisonment and could file a K.S.A. 60-1507 motion to assert his constitutional claim. Here, Williams was granted probation and he cannot presently file a K.S.A. 60-1507 motion to assert his Second Amendment claim about the

firearms in his residence. We reject Williams' attempt to avoid the contemporaneous objection rule simply because he received probation. Instead, we find that Williams is subject to the holdings in *Moore*, *Shadden*, and *Richmond* that a contemporaneous objection at trial is necessary to preserve an evidentiary issue for appeal even in cases where the evidentiary issue may impact the defendant's constitutional rights.

In sum, Williams did not lodge a contemporaneous objection at trial to the evidence of firearms and ammunition the police found in his home. Based upon our Supreme Court's interpretation of K.S.A. 60-404, we conclude that Williams has failed to properly preserve this issue for appeal. But even if the issue had been preserved for appeal, we would find that the district court did not err by refusing to exclude the evidence of firearms and ammunition the police found in Williams' home. Generally, all relevant evidence is admissible. K.S.A. 60-407(f). As the district court ruled, the evidence of firearms and ammunition clearly was relevant to establish the State's claim that Williams had the intent to distribute marijuana. Henry testified that the presence of readily accessible firearms was consistent with drugs being sold from a residence rather than being consumed. The presence of the loaded pistol-grip shotgun and its proximity to the drugs was especially relevant to support the State's allegation that Williams was distributing marijuana. Common logic and law enforcement experience supports the inference that the shotgun was used in connection with drug crimes as opposed to hunting, as Williams had claimed when he was interviewed by the police.

A trial court has discretion to exclude relevant evidence if it finds that the probative value is outweighed by its potential for producing undue prejudice. K.S.A. 60-445. An appellate court reviews a district court's weighing of probative value and potential for prejudice under an abuse of discretion standard. *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013). Here, the district court did not abuse its discretion when it found that the probative value of the evidence of the shotgun found in Williams' home was not outweighed by the potential of producing undue prejudice. As the State points

out, there is nothing illegal about owning a firearm. While there may be an inference of distribution of narcotics when firearms and narcotics are found in the same residence, the simple fact that Williams possessed a shotgun did not, by itself, cause undue prejudice against him. For these reasons, we conclude the district court did not err by refusing to exclude the evidence of firearms and ammunition the police found in Williams' home.

Next, Williams argues that there was insufficient evidence to support his conviction of possession of proceeds derived from violations of drug laws. Specifically, Williams argues that the State failed to present any evidence that he possessed the $469 in his wallet knowing that it was intended to be used to further the commission of the crime of possession of marijuana with intent to distribute. The State responds that the evidence was sufficient to support the conviction.

When the sufficiency of the evidence is challenged in a criminal case, an appellate court reviews all the evidence in the light most favorable to the prosecution. The conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). In determining whether there is sufficient evidence to support a conviction, the appellate court generally will not reweigh the evidence or reassess the credibility of witnesses. 299 Kan. at 525.

Williams was charged with possession of proceeds derived from violations of drug laws in violation of K.S.A. 2015 Supp. 21-5716(b). That statute provides:

> "It shall be unlawful for any person to distribute, invest, conceal, transport or maintain an interest in or otherwise make available anything of value which that person knows is intended to be used for the purpose of committing or furthering the commission of any crime in K.S.A. 21-5701 through 21-5717, and amendments thereto, or any substantially similar offense from another jurisdiction."

8

The key piece of evidence to support this charge was the $469 found in the wallet inside the same bag found in Williams' residence that contained the large amount of marijuana. In order to convict Williams of violating K.S.A. 2015 Supp. 21-5716(b), the State was required to prove that Williams knew the $469 found in his wallet was intended to be used for the purpose of furthering his commission of the crime of possession of marijuana with the intent to distribute. At trial, adopting language from PIK Crim. 4th 57.220, the district court instructed the jury on this count as follows:

> "The defendant is charged in count three with acquiring proceeds known to be derived from the crime of possession of marijuana with intent to distribute. The defendant pleads not guilty.
>
> "To establish this charge, each of the following claims must be proved:
> 1. The defendant maintained an interest in $469.00 cash, a thing of value which defendant knew was intended to be used for the purpose of furthering the commission of the crime of possession of marijuana with intent to distribute.
> 2. The value of the proceeds was less than $5,000.
> 3. This act occurred on or about the 14th day of June, 2012, in Sedgwick County, Kansas.
>
> "A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about."

Williams correctly notes that there was no direct evidence of his intent for possessing the $469. However, direct evidence is not required to support a conviction. A conviction of even the gravest offense may be supported by circumstantial evidence if that evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014).

The State argues that there was sufficient evidence, considered in the light most favorable to the prosecution, that Williams intended to use the $469 in his wallet to further the crime of possession of marijuana with the intent to distribute. Consistent with the prosecutor's closing argument at trial, the State argues in its appellate brief as follows:

9

"Reviewing the evidence in the light most favorable to the State, defendant's claim [that the evidence was insufficient] must fail. The evidence showed that defendant was unemployed. Yet, in his wallet, which was found in his gym bag, he had nearly five-hundred dollars in cash. Also in that gym bag was the majority of defendant's high-quality marijuana, sealed in airtight containers making transport and concealment easier, as well as small cigars that are used to make marijuana blunts. Defendant had in effect established a system where he could be a mobile one man marijuana market. He could take only his gym bag with him, and he would have plenty of marijuana, a couple of cigars, and enough cash to either make change or potentially purchase more marijuana or supplies that he would need to continue his budding business."

When reviewing the sufficiency of the evidence to support a conviction, the jury is presumed to have believed the State's evidence and to have drawn from it all reasonable inferences favorable to the State. See *State v. Kettler*, 299 Kan. 448, 472, 325 P.3d 1075 (2014). In light of the evidence that Williams was unemployed and the $469 in his wallet was found in the same bag as the large amount of marijuana, it was reasonable for the jury to infer from the evidence that Williams intended to use the $469 in his wallet to further the crime of possession of marijuana with the intent to distribute. Based on our standard of review, we conclude there was sufficient evidence to support Williams' conviction of possession of proceeds derived from violations of drug laws.

Affirmed.